23-3062. Council, you're both present. Nobody's on the video, so we're ready to hear your argument when you're ready to present it. Good morning, Your Honors, and may it please the Court. Ruth Rajan on behalf of Appellant Joseph Coppola. I'd like to reserve three minutes for a buttle and I will watch the clock. Okay, this case involves two discrete issues. Notice of supervised release and supervision conditions. I will primarily focus on the former, but time permitting will address the debt prohibition and adult pornography prohibition conditions. Mr. Coppola lacked actual notice of supervised release. For the first time in almost 20 years after sentencing, the government moved to revoke his supervised release. In the interim, all relevant information informed him that he was no longer on supervision. The government revoked his supervised release only in the subsequent federal case. The government admitted that it forgot about supervised release and probation told him that his case had expired. Okay, so please go right ahead. Your argument is, if I understand it correctly, not so much that he didn't have notice because he did get notice when he was initially sentenced, but more precisely that he, something that happened subsequently would have led him to believe he was no longer under supervision. Is that it? So we believe our argument is still about notice because the plain meaning of the term actual notice, which is the standard we believe applies, references the defendant's knowledge at the time of the violation. So we admit that he received knowledge about the term, the length of his supervised release at sentencing, but the event that happened afterwards informed him whether he had notice when he committed the violations. I'm understanding that to be a long way of saying yes. Yes, but we response to that question. Is that right? No, Your Honor, because we believe actual notice is referenced only at the time of the violation. Okay, all right. So, but your time is ticking and we're not trying to get in your way, but it is important to move this along and make sure we have a clear record. I think in response to Judge Miller, you're agreeing that as of 2001, your client had notice.  Yes, Your Honor. But not and then that you think that the operative point in time is at the time of revocation. At that point, he was not on notice that he was under the terms of the 2001 conditions. Is that it? Yes, Your Honor. At the time that he committed the violations in this case and we. But there's no question that the judge originally read out loud while your client was present all of the special conditions. All of the special conditions, though there are allegations in this case that he violated the standard conditions of supervised release and the judge at sentencing never read all the standard conditions of supervised release. But regardless, we think we have three cases that make the defendant's knowledge at the time of the violations relevant to the question of whether the defendant had actual notice. Before you get to that, could you back up in response to I think your very first statement or maybe something you said in response to Judge Miller, you said after 2001, he received other indications from the government that the terms had expired or they were no longer operative. What were those other than the writing that said expired? What else are you relying on? Yes, Your Honor. So we're relying on two other pieces of information. First, the government's failure to pursue revocation proceedings in this case, but pursuing revocation proceedings in another federal case. And I think this is the most important point that we have. So in United States v. Hamilton, this court said that it's illustrative the probation officer's conduct in failing to pursue revocations because that's informative of whether a defendant knows the true nature of their obligations on supervised release. And here are the first two revocation petitions that were only filed in a subsequent federal case were mandatory revocation. So they involved new law violations. So under sentencing guideline 7B1.2a, the probation officer would have had to tell the court about these violations. And under 7B1.3a1, the court would normally subject him to mandatory revocations. We think that is informative of whether or not he knew his obligations at the time. Your argument almost seems to amount to a kind of, I mean, I know you don't put it in these terms, but it seems in substance to amount to a kind of a stopple theory that because the government didn't take action quickly enough or didn't take action under this judgment rather than the other judgment that therefore it's stopped from doing so later. And we normally are pretty reluctant to apply a stopple against the government. So why should the lassitude of the U.S. Attorney's Office alter the effect of a judgment of the court? So I want to make a legal point. But first, I will say that the considerations of a stopple are relevant here, but it informs both the due process analysis, which is relevant to an understanding of actual notice. I want to direct the court back again to a case like United States versus Hamilton, where the probation officer's failure to pursue revocation earlier with technical violations then amounted to a defendant not having adequate notice later on when the government tried to revoke him for similar conduct. Because it's informative of whether the defendant has knowledge of what the true nature of his conditions are. And if you look more broadly at the due process principles in cases like United States versus Guglielardio, this court talks about a defendant needing an appropriate guide for their  And that similar sort of language appears in both of the statutory provisions that are relevant here. So I would direct this court to 3583F and 36031, which direct what the probation officer has to do in providing a defendant a guide for his conduct. So I think those considerations are relevant to a defendant's knowledge, even though they also sound in terms of a stopple. Did you want to turn to the new conditions? Yes, Your Honor. So I would like to focus on two of them. The debt prohibition condition and the adult pornography prohibition condition. So for more globally, there was no connection between these new sort of conditions and the relevant sentencing factors in this case. So starting with the debt prohibition condition, this condition lacks record support, and it's both a greater restraint on liberty than necessary. Under the guidelines, this condition is only recommended if the defendant is not in compliance with his financial obligations. And here, there was no dispute that Mr. Coppola had satisfied his financial obligations for both convictions at issue. So what about the obvious point that you're aware of, that the record indicates that your client in the past has robbed banks on multiple occasions, and then perhaps he did that because he had a gambling problem and needed money. So two responses to that. First, there was no contemporary evidence that he had a gambling problem. Both of his convictions are from conduct quite old, so 2003 and 1999. In part, I can imagine the district court thinking there isn't contemporary evidence because your client spent a lot of time in jail. But be that it may, it's dated, but it's certainly in the record. What else? So that takes me to my second response. There were other conditions that also address the gambling problem. So he's barred from entering casinos. He's prohibited from gambling. He also has to attend to gambling addiction treatment. And most importantly, he is subject to a financial reporting condition that is unchallenged on appeal. So I point this court to the Second Circuit's decision in United States v. Brown, which says that the existence of a financial reporting condition is helpful because it forces the defendants to account for their income and allows for a monitoring of their. So counsel, the district court said in the mental health treatment will be the same idea that if the treatment provider says he doesn't have a gambling issue anymore, we don't think it's a problem. Then you can file a motion to lift. Isn't that a sensible lift the gambling prohibition? Isn't that a sensible or the financial prohibition? Isn't that a sensible approach? No, because conditions have to be justified at the time of their imposition and you look at the entirety of the conditions as they're imposed together. So we maintain that the four other conditions that exist to address his gambling problem are sufficient enough to address the issue, especially when creating a prohibition on accumulating new debts would force him to go to his probation officer for permission every single time he uses a credit card. And as we state in our briefs, Mr. Coppola is an indigent individual who would be frequent to rely on things like Newton. And is it your understanding? I think you just said he has to go to the probation officer every time he uses a credit card. I had understood it to mean every time he obtains a credit card, not for each individual card transaction. I don't think so because the way the condition is worded and I can clarify this point on rebuttal. It says that every time somebody acquires a new debt that he has to provide it. So I imagine each time you make a purchase on a credit card, you're doing it against credit. It's funds that you don't have. So my understanding is that that would require reporting to probation and that's the understanding the Second Circuit has in the cases. We cited in a reply briefly. If we were to construe it and make it clear that we construe that that term to relate to acquiring a new credit card, a new line of credit. Would you have a problem? Yes, Your Honor. I think that condition would be better, but it's still unjustified on this record in light of the other condition. I got your answer. Forgive me for interrupting, but I want to make sure you have a chance to turn to the last condition you wanted to challenge. Yeah, very briefly, Your Honor. So there is no evidence in this record that access to adult pornography, that portion of the condition, has any relevance to his rehabilitation, past offenses, or treatment concerns here. Why not? Because there's no evidence in the record that he has ever even accessed adult pornography. So at least eight other circuits have emphasized you need specific evidence in order to justify the District Court at ER 30 when it said, what concerns me is the more recent stuff. I have an allegation of improper conduct, exposing himself, masturbating, conviction for lewd behavior, that there's no relationship between an adult pornography condition and those acts. No, Your Honor, because at least eight other circuits have said, even in cases involving sex offenses, you need evidence specific to adult pornography in order to justify it. And we cite those cases in our brief and the probation officers assertions otherwise were insufficient to justify the condition. I see that I'm over time. You are. We'll give you another minute when you come back. So you have some rebuttal time. Thank you, Your Honor. You bet. Good morning, Your Honors. May it please the Court. I am AUSHM Feng. I represent the United States of America. First, I don't agree with defense that the notice of the lack of notice defense is valid in this case. Given the fact that the record cannot be any more clear on this, that defendant waived that argument specifically when the district court asked him whether or not he wanted to proceed with his reprocation proceedings. Well, he waived it at the first hearing, right? And then he waived it at the first hearing, and then we vacated the judgment that was imposed after that hearing. And on remand, the district court said, in reference to this argument, all those are incorporated by reference. So they're preserved. If there's any question about that, they're preserved for appeal. I'll say that, for the Ninth Circuit's benefit. Do you think that's not enough to preserve the argument? The government construes the district court's statement there as that the record before the first appeal was preserved, because there's a question whether or not, after the remand, whether or not what the district court decided before the first appeal would still be relevant or valid for the second appeal. So the government read that as the district court stating that everything I've done before the first appeal is still valid, it's still what my ruling is, now that a case has been remanded. So therefore, everything that happened before still applies here. And I want to point out that right before the district court made that statement, defendant had misstated that we understood you denied that motion last time, which in this case never happened because the motion was never brought. What if it wasn't waived, counsel? I think we understand this part of the record and it's thoroughly brief. Can you tell us what is your position if the argument wasn't waived? If it wasn't waived, I do believe that a lot of the evidence that defendant points to as that he had prior notice somehow that his supervised release sentence has expired is dubious at best. For example, he points out that there was two words in his second PSR that said a case expired as evidence that he, probation somehow told him that his supervised release sentence had expired for the first case. But if you examine the context of the two cases, you realize that that's a dubious argument because one, he committed his second, the crime charge in the second case before the custodial sentence in the first case has expired. So the district court wanted to know whether or not there was any portion of the first sentence that will still remain so that they can decide whether or not the second sentence is to be consecutive or concurrent. That's why those two words were in the PSR. By the time supervised release for the first case hasn't even started because defendant has never been released. So for him to say that those two words somehow indicated to him that supervised release had expired is in government's position that essentially makes no sense. He should have known that at that time anyway, that those two words meant that his custodial sentence expired, not his supervised release sentence, had expired. As for his second argument that the subsequent violations, subsequent revocation in the second case somehow informed him that the supervised release for his first case had expired. I think that we are treading on dangerous grounds there because essentially we're saying whatever defendant says, he believes whether or not his revocation expired is now the dispositive issue whenever this issue comes up. The dispositive evidence, what is this you're talking about? So any defendant can then just feign, oh, I don't remember that my supervised release is still valid. He's not just feigning anything. We do have the writing, the written indication on the PSR. That may be incorrect. But what about, let's say it is. What if the probation made a mistake? Sometimes that happens with time accounting. Still a judgment of the court. Well, I do want to make a point. Judge Miller has said that, you know, the U.S. Attorney's Office made a mistake. I want to point out that probation violations not initiated by the United States, the U.S. Government, the U.S. Attorney's Office. It doesn't matter who made the mistake. People are human and mistakes are made. And in this case, there's some sort of a cryptic notation on a PSR. Well, as I explained, the PSR, I believe that that argument to be dubious because defendants should have known at that time that those two words does not mean. Suppose the probation office had sent him a letter and just said, you know, congratulations. You're now done with supervision. You know, good luck to you. Would that make a difference? That would make a difference, but in this case, as a government argument, so you think you think you think a letter like that would even if it was erroneous and the term had not run, that would that would effectively terminate supervision. I don't believe that that depends on the circumstances in this particular case. The circumstances wasn't developed. We don't know what the probation officer did. I think you're missing the point. It's an important one to engage in. We're talking about judgment entered by a court. How would probation have any ability to you mistakenly or not deem it satisfied? Well, I agree with you. Your Honor that I say whether or not whether or not the defendant's knowledge in this case, that's that's what I'm trying to say. The defendant's opinion knowledge or whatever regarding whether or not he believes that he supervised release still retain remains in his case is irrelevant. It is not. It should not be based on the defendant's knowledge in this particular case. Maybe he did know that supervised release was still valid, but he just, hey, I didn't get violated. Great. So do you want to turn to the arguments about the merits of the individual conditions? Well, I'll trust the debt condition first. I think Judge Bennett was correct that there is a lot of history and evidence in the record that defendant has a gambling problem. And I do believe that is sufficient in this particular case for the district court to find out, hey, look, all of your history suggests that your gambling problem might cause you to commit crimes. Counsel, getting to a question that Judge Christen asked your friend, does the debt provision here cover getting a new credit card or does it cover going to the Safeway or the subway and buying some groceries or a sandwich? As far as I know, I have never seen a defendant being violated simply because you use an existing credit card. That's not quite, I don't think that was quite Judge Christen's question, but let me ask the same question she asked your friend, but to you, would you, would the government have any problem with our saying and making it clear that the special condition that was imposed does not cover using a credit card as opposed to getting a new credit card? The government has no problem with that. I think that's basically the practice anyway. So what about the condition that we're loosely describing as access to adult, I think he said pornography, sexually explicit materials. What about that? Well, the defendant actually challenged more than just that one condition. He challenges multiple conditions. We understand that, Counsel, but if you could call, I'm just calling your attention to that one because that's the one he's addressing today. The government stated in the brief that all of the condition that he's challenging related to his sexually offensive conduct is related as a district court made that all the conditions are tied together to make sure to at least to mitigate the risk that defendant might commit a sex offense in the future. Here, I mean, I trust this court to understand that defendant did commit sexually offensive conduct. He exposed himself in public to two women and then also masturbated in public. One of the conditions is that he had mental health screening and he objected to that also because he said he's done that before. And of course, it's been a long time. So is it the case that the way do you read this to require that he have that kind of screening again, follow the terms of counseling if it is, you know, ordered and that the probation officer has the ability to alter some of these conditions depending on the outcome of that counseling or screening. Well, first of all, I think the record indicates that defendant may have had treatment prior, but he never completed it. So for him to say that he, if you could answer my question about what happens if he has that mental health screen, I'm not trying to give you a hard time, but I am trying to get the government's position on these questions. If he has that screening and counseling, do these other some of these other conditions depend upon the outcome of the screening and counseling? Which condition are you referring to, Your Honor? Like the sex, the prohibition, programming prohibition? He can take up that one. Yes. What about that? I think the district court has left that to the probation officer. I understand the mental health one. He stated on the record that if the counselor, after you had the evaluation, determines that your mental conditions, you know, mental health evaluation and treatment is no longer necessary. You can move to have that condition moved. As for the prohibition, I think it's pretty clear that defendant's actions in the past, not just the recent one, he also has another indecent exposure conviction in his record a long time ago. So I think there's a sufficient record to establish that defendant does have a problem with sexually offensive conduct. So that I think that it needs longer evaluation. Obviously, any condition can be, defendant can move to strike any condition in the future if he had choose that he has no longer need those conditions. All right. Just one last question in the few seconds remaining. Is it the government's position that when he submits, if he's asked to submit to a lie detector, polygraph, that he's entitled to take the Fifth Amendment privilege? Yes, Your Honor. Thank you. I don't have any other questions. Judge Miller, Judge Bennett. Okay, that's all the questions for the government. Thank you very much for your patience with our questions. I first want to follow up on Judge Miller's point about new credit charges. So if you read special condition three, it says you must not incur new credit charges or open additional lines of credit without the approval of the probation officer. This is that excerpt of record six. So I think it makes clear that the plain text of the condition covers both charges on a credit card and opening new lines of credit. It did not because we make it clear that that does not seem to be a workable condition. If that were the case, I guess you've taken the position. You'd still object. We'd still have a problem, not as big of a problem. But if you ordered the first clause of the condition stricken, I think that would at least improve the condition. But we maintain that other conditions are sufficient. What is your best? Thank you. What is your best shot at convincing us that the charges your client's been convicted of don't relate to conduct that would trigger the restriction regarding access to adult pornography? So I would point to the other circuit court cases that we've cited in our briefs that say that even in sex offense cases, adult pornography prohibitions are not necessarily justified. One, because the guidelines don't recommend it for this class of cases. And two, because you still need individualized evidence that the defendant has a problem with pornography. And I would say United States versus Canfield is probably the best case. Individualized evidence, which is what you just said, or do you mean individualized findings? So you need an individualized connection either to the defendant's rehabilitation, the prior offense conduct, or something in his history. But here, you're not telling me. And just to be really clear, I'm using that term advisedly. You, intentionally, you're not taking the position that the district court's imposition of this condition fails for lack of the requisite finding? So I don't know if finding is the appropriate term or evidence or something like that. But the district court needs a rationale that is specific, that looks to record evidence that justifies the condition. I hope that's an answer to your question. I think it is. And I appreciate. Let me just see if we have any other questions. No, it doesn't. Thank you all both very much for your arguments. We'll take that matter under advisement and go on to the next case on the calendar.
judges: CHRISTEN, BENNETT, MILLER